IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DELBERT W. SCOTT,**

    Petitioner,

  v.                               CASE NO. 2:13-CV-0362
                               JUDGE ALGENON L. MARBLEY
                               MAGISTRATE JUDGE KING

**WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,**

    Respondent.

## ORDER

On January 3, 2014, the Magistrate Judge recommended that Respondent's *Motion to Dismiss,* Doc. No. 7, be granted and this case be dismissed on the basis of procedural default. *Report and Recommendation,* Doc. No. 9. Petitioner has filed objections to that recommendation. *Objection*, Doc. No 11.  The Court will consider the matter *de novo*.  *See* 28 U.S.C. § 636(b);  Fed. R. Civ. P. 72(b).

This habeas action presents claims of, *inter alia*, the denial of Petitioner's right to a speedy trial and the denial of effective assistance of trial and appellate counsel because Petitioner's attorneys failed to raise this issue. As noted, Respondent moved to dismiss the action on the basis of procedural default and the Magistrate Judge recommended dismissal of the action on that basis. In his objections, Petitioner points to the ineffective assistance of his trial and appellate counsel as cause for his procedural default. Petitioner has attached to his objections certain documents, including copies of letters from his appellate attorney stating the reasons for

1

not raising a speedy trial issue on direct appeal and advising Petitioner of the procedure for filing an application to reopen the appeal under Ohio Appellate Rule 26(B).  *See Exhibits to Objection.*

Petitioner in fact pursued Rule 26(B) proceedings, in which he claims that he had been denied the effective assistance of trial and appellate counsel because his attorneys failed to raise the issue of speedy trial.  However, Petitioner referred to that speedy trial claim only as a matter of state law.  *See Exhibit 25* to *Motion to Dismiss*. He did not claim that his attorneys performed in a constitutionally ineffective manner by failing to raise a speedy trial issue under the United States Constitution.  Thus, to the extent that Petitioner asserts in these proceedings that he was denied the right to a speedy trial under the United States Constitution, or that he was denied the effective assistance of trial counsel because his attorneys failed to raise the claim as one of federal constitutional magnitude, Petitioner cannot now rely on the performance of his counsel as cause for his procedural default of his federal claims.  *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)(a claim of ineffective assistance of counsel cannot serve as cause for the default of another claim if the ineffective assistance of counsel has not been properly presented to the state courts).

It is true that Petitioner pursued a claim of denial of the effective assistance of trial and appellate counsel because his attorneys failed to raise a speedy trial claim based on state statutes. This claim of ineffective assistance of counse is without merit, however, and therefore cannot serve to establish cause for

Petitioner's procedural default.  The state appellate court expressly concluded that there had been no violation of Ohio's speedy trial statutes and that Petitioner's counsel were therefore not ineffective for failing to raise that speedy trial claim.  *See Exhibit 25* to *Motion to Dismiss*. This Court must defer to that state court ruling on a matter of state law.  A federal court must accept a state court's interpretation of its own statutes and rules of practice.  *Israfil v. Russell,* 276 F.3d 768, 771 (6th Cir. 2001)(citing *Engle v. Isaac*, 456 U.S. 107-128-29 (1982)).does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure*. Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Thus, Petitioner's trial and appellate attorneys did not perform in a constitutionally ineffective manner, under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to raise a claim based on Ohio's speedy trial statutes.  It follows, then, that Petitioner cannot establish cause and prejudice for his procedural default of the issue regarding the alleged denial of his right to a speedy trial.

For these reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation,* Petitioner's *Objection*, Doc. No. 11, is **OVERRULED.**  The *Report and Recommendation,* Doc. No. 9, is **ADOPTED** and **AFFIRMED.**

Respondent's *Motion to Dismiss*, Doc. No. 7, is **GRANTED**. This case is hereby **DISMISSED** as procedurally defaulted.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

s/Algenon L. Marbley  
Algenon L. Marbley  
United States District Judge